## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **QUENTIN GIBSON,** | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action Number:** |
| | : | |
| **vs.** | : | |
| | : | |
| **KIRKWOOD BAR & GRILL, LLC** | : | |
| **and DAVID JEROME JOHNSON,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## COMPLAINT

Plaintiff, Quentin Gibson, by and through the undersigned counsel, brings this Complaint against Defendants Kirkwood Bar & Grill, LLC ("Kirkwood") and David Jerome Johnson ("Johnson") and pleads as follows:

## INTRODUCTION

1.

Plaintiff brings this action under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq*.), (hereinafter "the FLSA") to (1) receive minimum wage for work weeks in which the employer failed to pay him and an additional like amount as liquidated damages; (2) recover overtime pay that was

denied him and an additional amount as liquidated damages; and (3) be reimbursed for his costs of litigation, including his reasonable attorneys' fees.

### 2.

In addition to his federal causes of action, Plaintiff asserts pendent state law claims which arise out of the same set of operating facts as his federal claims. These are (1) breach of contract, (2) quantum meruit and (3) promissory estoppel.

## JURISDICTION AND VENUE

### 3.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

### 4.

This Court has supplemental jurisdiction over Plaintiff's state law claims set forth herein arising under Georgia law in accord with 28 U.S.C. §1367 because the state law claims are so related to the federal claims that they form part of the same case or controversy.

5.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Kirkwood is located in this judicial district; and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**THE PARTIES**

6.

Plaintiff resides within Clayton County, Georgia.

7.

Kirkwood employed Plaintiff as a Cook in and around Atlanta, Georgia from approximately October 2012 until December 21, 2012.

8.

At all times relevant to this suit, Plaintiff has been an "employee" of "Kirkwood" as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

9.

From on or about October 2012 until December 21, 2012, Plaintiff was "engaged in commerce" as an employee of Kirkwood as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

10.

Kirkwood is a limited liability corporation organized under the laws of Georgia.

11.

At all times material hereto, Kirkwood has been an "employer" of Plaintiff as defined in FLSA § 3(d), 29 U.S.C. §203(d).

12.

From on or about October 2012 until December 21, 2012, Kirkwood was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

13.

During 2012, Kirkwood had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

14.

During 2012, Kirkwood had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

15.

During 2012, Kirkwood had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

16.

During 2012, Kirkwood  had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

17.

At all times material hereto, Kirkwood has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

18.

Kirkwood is subject to the personal jurisdiction of this Court.

19.

Kirkwood may be served with process at its principal business address located at 1963 Hosea L. Williams Drive, Atlanta, Georgia 30317.

20.

Johnson resides within Gwinnett County, Georgia.

21.

At all times material hereto, Johnson exercised operational control over the work activities of Plaintiff.

22.

At all times material hereto, Johnson was involved in the day to day operation of the Kirkwood restaurant in which Plaintiff worked.

23.

At all times material hereto, Kirkwood vested Johnson with supervisory authority over Plaintiff.

24.

At all times material hereto, Johnson exercised supervisory authority over Plaintiff.

25.

At all times material hereto, Johnson scheduled Plaintiff's working hours or supervised the scheduling of Plaintiff's working hours.

26.

At all times material hereto, Johnson exercised authority and supervision over Plaintiff's compensation.

27.

At all times material hereto, Johnson has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

28.

Johnson is subject to the personal jurisdiction of this Court.

29.

Johnson may be served with process at his residence located at 1241 Annapolis Way, Grayson, Georgia 30017.

30.

At all times relevant to this suit and while an employee of Kirkwood, Plaintiff was not exempt from the maximum hour requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. § 213.

31.

At all times relevant to this suit and while an employee of Kirkwood, Plaintiff was not employed in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

32.

At all times relevant to this suit and while an employee of Kirkwood, Plaintiff was not employed in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

33.

At all times relevant to this suit and while an employee of Kirkwood, Plaintiff was not employed in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

34.

At all times relevant to this suit and while an employee of Kirkwood, Plaintiff was not employed in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of  29 USC § 213 (a).

35.

At all times relevant to this suit and while an employee of Kirkwood, Plaintiff was not exempt from the minimum wage requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. § 213.

**COUNT I — FAILURE TO PAY MINIMUM WAGE**

36.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

37.

At all times material hereto, Plaintiff has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

38.

From on or about October 2012 through December 21, 2012, Defendants failed to compensate Plaintiff at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

39.

From on or about October 2012 through December 21, 2012, Defendants willfully failed to compensate Plaintiff at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

40.

Plaintiff is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

41.

As a result of the underpayment of minimum wages as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

42.

As a result of the underpayment of minimum wages, Defendants are liable to Plaintiff for his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

43.

During the course of Plaintiff's employment, Plaintiff regularly worked more than forty hours in a given workweek.

44.

Plaintiff was not paid the overtime premium for all hours worked above forty in a given workweek.

45.

Plaintiff was not compensated at all for some period of time at the end of his employment with Defendants.

**COUNT II — FAILURE TO PAY OVERTME**

46.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

47.

At all times material hereto, Plaintiff has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

48.

During his employment with Defendants, Plaintiff regularly worked in excess of forty (40) hours each week.

49.

Defendants failed to pay Plaintiff at one and one half times his regular rate for work in excess of forty (40) hours in any week from October 2012 through December 21, 2012.

50.

Defendants willfully failed to pay Plaintiff at one and one half times his regular rate for work in excess of forty (40) hours in any week from October 2012 through December 21, 2012.

51.

Plaintiff is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

52.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

53.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT III – BREACH OF CONTRACT

54.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

55.

Plaintiff and Kirkwood were parties to a contract of employment (hereafter "the Contract") from on or about October 2012 through December 21, 2012.

56.

The Contract provided that Kirkwood would pay Plaintiff for work that was performed by Plaintiff on behalf of and for the benefit of Defendant.

57.

Defendant's failure to pay Plaintiff for work performed from on or about December 1, 2012 through December 21, 2012 constitutes a material breach of the Contract.

58.

As the direct and foreseeable result of this breach, Plaintiff has sustained and continues to sustain damages in an amount to be proved at trial.

**COUNT IV – QUANTUM MERUIT**

59.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

60.

From on or about October 2012 through December 21, 2012, Plaintiff served as a Cook for Defendant.

61.

Plaintiff's service as a Cook for Kirkwood as described above was valuable to Defendant.

62.

Kirkwood requested Plaintiff's service as a Cook.

63.

Kirkwood knowingly accepted Plaintiff's service as a Cook.

64.

The receipt of Plaintiff's services as a Cook for Kirkwood without compensation would be unjust.

65.

Plaintiff expected to be compensated at the time he provided his services as a Cook.

66.

Plaintiff is entitled to a recover from Kirkwood the reasonable value of the services he provided as a Cook for Defendant from December 1, 2012 through December 21, 2012, in an amount to be determined at trial.

## COUNT V - PROMISSORY ESTOPPEL

### 67.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

### 68.

On October 2012, Kirkwood promised to pay Plaintiff in return for Plaintiff's service as a Cook for them.

### 69.

Kirkwood should have reasonably expected that Plaintiff would induce action in reliance of said promise, i.e., serve as a Cook for Defendant.

### 70.

Kirkwood promise induced Plaintiff to act in reliance thereof, i.e., to serve as a Cook for Defendant, to his detriment.

### 71.

Plaintiff's service as a Cook for Kirkwood conferred a benefit on Defendant.

72.

Kirkwood failed to pay Plaintiff in accordance with their promise.

73.

Plaintiff relied on Defendant's promise.

74.

Plaintiff's reliance on Defendant's promise was reasonable.

75.

Injustice can only be avoided by enforcement of Defendant's promise.

76.

Plaintiff is entitled to a recover from Kirkwood the reasonable value of the services he provided as a Cook for Defendant from December 1, 2012 through December 21, 2012, in an amount to be determined at trial.

WHEREFORE, Plaintiff respectfully prays:

1.  That Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid minimum wage from on or about October 2012 through December 21, 2012 due under the FLSA, plus an additional like amount in liquidated damages;

2. That Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

3. That Plaintiff have and recover judgment against Defendant for the pendent State claims herein asserted in amounts to be proved at trial;

4. That Plaintiff be awarded costs of litigation, including his reasonable attorneys' fees from Defendants; and

5. For such other and further relief as the Court deems just and proper.

        Respectfully submitted,

                        ***DELONG CALDWELL BRIDGERS***
                        ***& FITZPATRICK, LLC***

3100 CENTENNIAL TOWER           */s/CHARLES R. BRIDGERS*
101 MARIETTA STREET              CHARLES R. BRIDGERS
ATLANTA, GEORGIA 30303          GA. BAR NO. 080791
(404) 979-3171
(404) 979-3170 (f)                */s/ KEVIN D. FITZPATRICK, JR.*
kevin.fitzpatrick@dcbflegal.com   KEVIN D. FITZPATRICK, JR.
charlesbridgers@dcbflegal.com    GA. BAR NO. 262375

                        COUNSEL FOR PLAINTIFF