IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

QUENTIN GIBSON,

        Plaintiff,

v.

KIRKWOOD BAR & GRILL, LLC and
DAVID JEROME JOHNSON,

        Defendants.

CIVIL CASE NO.

1:13-cv-00308-JEC

## ORDER & OPINION

This case is before the Court on plaintiff Quentin Gibson's Motion for Default Judgment [7]. The Court has reviewed the record and plaintiff's arguments and, for the following reasons, concludes that plaintiff's Motion for Default Judgment [7] should be **GRANTED.**

## BACKGROUND

This case arises from alleged violations of the Fair Labor Standards Act of 1938 ("FLSA"). 29 U.S.C. §§ 201 *et seq.* (2013). From October 2012 to December 21, 2012 Kirkwood Bar & Grill, LLC ("Kirkwood") employed plaintiff as a cook. (Compl. [1] at ¶ 7.) David Jerome Johnson served as plaintiff's supervisor and controlled his work schedule. (*Id.* at ¶¶ 21-25.) Johnson also had authority over plaintiff's compensation. (*Id.* at ¶ 26.) Plaintiff alleges that during his period of employment with Kirkwood defendants failed

to pay him the minimum and overtime wages required by the FLSA. (*Id.* at ¶¶ 36-53.)   He also alleges that defendants are liable for inadequate compensation and tax withholding improprieties under theories of breach of contract, quantum meruit, and promissory estoppel. (Compl. [1] at ¶¶ 54-76; Mot. [7] at 9-10.)   Plaintiff's central claim is that Kirkwood withheld twenty-two percent of his wages for payroll taxes such that his hourly pay fell below the amount required by the FLSA, but then did not remit that money to the government and has not provided him with a W-2. (Mot. [7] at 9-10.)

Plaintiff filed a complaint against defendants upon these grounds on January 30, 2013. (Compl. [1].)   To date, neither have filed a responsive pleading.[1]   Accordingly, on March 28, 2013 the Clerk of Court entered a default with respect to Kirkwood. (*See* Mot. for Clerk's Entry of Default [5].)   Plaintiff now moves the Court for entry of a default judgment. (Mot. [7].)

I.   **JURISDICTION**

Because plaintiff asserts claims arising from the FLSA the Court may exercise jurisdiction over this action pursuant to 28 U.S.C. § 1331 (2013).   The Court retains jurisdiction over plaintiff's state law claims--breach of contract, quantum meruit, and promissory estoppel--because they arise from the same common nucleus of

---

[1]   Despite a "diligent effort", plaintiff has not served process on Johnson. (Mot. [7] at ¶ 6; *see also* Notice [8].)

operative facts as do plaintiff's FLSA claims.  28 U.S.C. § 1367(a) (2013).  Finally, Kirkwood is subject to the personal jurisdiction of this Court because it operates its business in Georgia, where it is registered.  (Compl. [1] at ¶ 19.)

## II.  **DISCUSSION**

Entry of a default judgment is a two-step process.  First, the Clerk of Court enters a default against a party that has failed to file a responsive pleading or otherwise defend the action asserted against it.  FED. R. CIV. P. 55(a).  Then, if the amount requested by plaintiff is not a "sum certain or a sum that can be made certain by computation", the plaintiff must "apply to the court for a default judgment."  FED. R. CIV. P. 55(b)(1)-(2).

When considering a motion for default judgment the Court must first "investigate the legal sufficiency of the allegations of the plaintiff's complaint" to determine whether it adequately pleads a claim for relief.  *Bruce v. Wal-Mart Stores, Inc.*, 699 F. Supp. 905, 906 (N.D. Ga. 1988)(citing *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *see also Patray v. Nw. Publ'g, Inc.*, 931 F. Supp. 865, 869-70 (S.D. Ga. 1996) (describing the process for entry of a default judgment).  Next, the Court *may* conduct hearings on the amount of damages.  FED. R. CIV. P. 55(b)(2)(B).  However, an evidentiary hearing for a determination of damages is not *always* required; rather, it is a decision that is left

3

to the discretion of the Court. *Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 Fed. App'x 908, 911-12 (11th Cir. 2011)(citing *Sec. & Exch. Comm'n v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005)). The Eleventh Circuit instructs that entry of a default judgment without first conducting an evidentiary hearing on the amount of damages is appropriate "where all essential evidence is already of record." *Smyth*, 420 F.3d at 1232 n.13 (citing *Sec. & Exch. Comm'n v. First Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 669 (5th Cir. 1981)).

Such is the circumstance here. Plaintiff has adequately pled breaches of the FLSA and state law upon which he can recover. (*See* Compl. [1] at ¶¶ 36-76 and Mot. [7] at 8-12.) Kirkwood received the summons issued by the Clerk of Court and has failed to file a responsive pleading or otherwise defend the action asserted against it. (Summons [4].) Plaintiff's request for damages is capable of computation, and he has provided adequate documentation of the hours he worked, the amounts he is due, the amount withheld for taxes but not remitted to the government, the amounts due to him for overtime work, and the hourly rates for and time expended by his attorneys. (*See* Mot. [7] at Exs. 1-4.) *See C & M Inv. Grp., Ltd. v. Campbell*, 448 Fed. App'x 902, 906 (11th Cir. 2011)("Rule 55(b)(1) requires a 'sum certain' only before the *clerk* can enter default judgment. Rule 55(b)(2), by contrast . . . contains no such requirement and gives

4

courts broad discretion to determine what additional evidence, if any, is required to enter default judgment."); *Hill v. Windsor Redev. Corp.*, No. 8:08-CV-00019-JDW-TGW, 2008 WL 2421105 (M.D. Fla. June 13, 2008)(Whittemore, J.)(entering default judgment awarding damages for FLSA violations based upon plaintiffs' affidavits); *Gomes v. Nationwide Janitorial & Flooring Servs., Inc.*, No. 6:06-cv-929-Orl-31KRS, 2007 WL 737584 (M.D. Fla. Mar. 7, 2007)(Presnell, J.)(adopting report and recommendation determining that hearing is unnecessary for entry of default judgment and damages in FLSA suit); and *Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789 (D. Md. 2010) (same).

In total, plaintiff requests an award of $10,969.35. (*Id.* at 12.)  Adequate evidence exists in the record to support an entry of this request.  Accordingly, Kirkwood has until **March 4, 2014** to file its objections or request a hearing on damages.  Absent such an objection or request, the Court will enter a default judgment for $10,969.35 in favor of plaintiff.

<u>**CONCLUSION**</u>

For the foregoing reasons, plaintiff's Motion for Default Judgment [7] is **GRANTED**.  Kirkwood has until **MARCH 4, 2014** to file its objections or request a hearing on damages.  If the Court does not receive any such correspondence by that date, it will enter a default judgment for plaintiff in the amount of $10,969.35.

5

SO ORDERED, this 18th day of February, 2014.


/s/ Julie E. Carnes
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

6